**Victor Manuel ECHEVERRIA– MARRUFO; Nancy Guadalupe Aguilar Cano, Petitioners,**

v.

**Peter D. KEISLER,\* Attorney General, Respondent.**

**No. 06–70102.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Victor Manuel Echeverria–Marrufo, Moreno Valley, CA, pro se.

Nancy Guadalupe Aguilar Cano, Moreno Valley, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Victor Manuel Echeverria–Marrufo and Nancy Guadalupe Aguilar Cano, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review continuous physical presence findings for substantial evidence. *See Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Echeverria–Marrufo failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). Echeverria–Marrufo's contention that the IJ applied the incorrect standard and failed to consider many of the hardship factors does not state a colorable

due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We also lack jurisdiction over petitioners' claim that their due process rights were violated because of problems with translation, earphone equipment, and the hearing being conducted in Spanish, because they did not raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

Substantial evidence supports the agency's finding that Aguilar was outside the United States for a period of more than ninety days in 1992 and, thus, failed to establish ten years of continuous physical presence prior to November 2001. *See* 8 U.S.C. § 1229b(d)(2) (an applicant will fail to maintain continuous physical presence if she "has departed from the United States for any period in excess of 90 days").

The BIA did not abuse its discretion in affirming the IJ's denial of petitioners' motion for a continuance where the IJ afforded petitioners sufficient time to obtain hardship evidence and considered the substance of the evidence to be presented. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (stating that a decision whether to grant a continuance will be overturned only upon a showing of a clear abuse of discretion). It follows that the agency did not violate their due process rights in denying a continuance. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.